NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DR. MAXIMO GOMEZ NACER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JERRY CAPUTO, ASSISTANT SUPERINTENDENT OF HUMAN RESOURCES, UCBOE, UNION CITY, NJ,<br><br>　　　　Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action 2:10-cv-04494 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

　　　　This matter comes before the Court upon motion by Defendant Jerry Caputo ("Defendant") for Summary Judgment pursuant to Fed. R. Civ. P.56(c). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion for Summary Judgment is **granted**.

I.　　**BACKGROUND**[1]

　　　　In or about March 2008, Plaintiff Dr. Maximo Gomez Nacer ("Plaintiff") was hired as a substitute teacher by the Union City Board of Education (the "Board"). As a substitute teacher, Plaintiff was an at-will employee. Plaintiff did not enter into an individual employment contract with the Board and was paid on a per diem basis. As such, Plaintiff did not have a guarantee for

---

[1]These facts are derived from the parties' respective submissions.

consistent employment and only had the opportunity to work on an as-needed basis.

At the time that Plaintiff was hired, Defendant Jerry Caputo ("Defendant") was employed by the Board as the Assistant Superintendent of Human Resources. As Assistant Superintendent, Defendant was in charge of planning and directing a program for the selection and assignment of teachers and personnel, as well as assisting the Superintendent in preparing recommendations for all employee assignments, transfers, dismissals and promotions.

In or around the time that Plaintiff was hired, the Board of Education had a shortage of full time certified high school science teachers. Consequently, Plaintiff was assigned as a long term substitute at Emerson High School from March 2008 to June 2009. Plaintiff's position as a long term substitute concluded in September 2009 when the Union City Board of Education merged their two high schools into one, and converted Emerson High School into a middle school. Plaintiff thereafter continued his employment with the Board on an as-needed basis.

In order to search for and accept available substitute teaching assignments, Plaintiff was required to utilize the Automated Educational Substitute Operator ("AESOP"), an online assignment program utilized by the board. Plaintiff utilized the AESOP service to receive all subsequent substitute teaching assignments.

During his time as a substitute, two requests were made by two separate school administrators that Plaintiff be removed from their respective school's substitute list. The second request was received on December 15, 2009, and requested that Plaintiff be removed because he was "not effective." The following day, on December 16, 2009, Plaintiff was removed from the Board of Education's substitute list. On December 18, 2009, Plaintiff drafted an email to Maria Cires, an administrative assistant in the Board of Education's Human Resources Department, to advise that

his AESOP password was no longer recognized on the AESOP system.[2]

On December 21, 2009, Plaintiff signed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination, which named the Union City Board of Education and alleged "sex" and "retaliation" discrimination.[3] Plaintiff did not specifically name Defendant Caputo in his charge. On December 31, 2009 the EEOC sent the Board of Education a "Notification of Charge of Discrimination" regarding Plaintiff's claim and advised the Board that no action was required. The EEOC subsequently issued Plaintiff a Dismissal and Right to Sue Letter on March 16, 2010. Plaintiff did not receive a copy of Plaintiff's EEOC Charge until after the commencement of the instant litigation.

Plaintiff filed the instant lawsuit on July 16, 2010 in the Superior Court of New Jersey, Law Division, Hudson County. Plaintiff's complaint alleges that he was discharged from the Union City Board of Education as the result of race, ethnicity, and ancestry discrimination, as well as in retaliation for making the EEOC filing. Plaintiff further alleges that equal access to medical jobs has been denied to him, and that Defendant Caputo serves as a "gatekeeper" for medical jobs. Plaintiff has also set forth damages for losses attributable to unequal salary, to the perceived segregation of the educational system, his inability to pursue activities in the medical profession, and his inability to pursue a European Patent of the Gravity Buoyancy Technology.

On September 1, 2010 Defendant Caputo filed a Notice of Removal to Federal Court

---

[2] Plaintiff appears to have attempted to "cc" Defendant to this email, but included Defendant's wrong email address. Defendant received a copy of Plaintiff's email later that morning

[3] We also note that on or about October 1, 2009, Plaintiff submitted an "Intake Questionnaire" to the EEOC, alleging that he was discriminated against on June 22, 2009 on the basis of retaliation and ancestry. On or about October 29, 2009 the EEOC sent Plaintiff a letter advising him that his submission failed to state a claim under the EEOC's laws.

pursuant to 28 U.S.C. § 1441. Following discovery, Defendant Caputo filed a motion for summary judgment on April 28, 2011. For the reasons herein expressed, Defendant's motion is **granted**.

## II.  LEGAL STANDARD

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing either (1) there is no genuine issue of fact and it must prevail as a matter of law; or (2) that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331. If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts that support each element for which he bears the burden, as well as the existence of genuine issues of material fact. Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, FED. R. CIV. P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). The Court will consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Penn. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

## III.  ANALYSIS

Defendants have the initial responsibility to inform the Court as to its basis for motioning for summary judgment. Having met this initial burden, Plaintiff can only survive the motion by providing sufficient facts to establish the existence of an element essential to his case. Plaintiff has failed to show facts relating to at least one of the essential elements in each one of his claims. Consequently, Defendant's motion for summary judgment must be granted.

      a.      <u>Plaintiff's Claim of Discrimination Based on Race, Ethnicity, and Ancestry Under Title VII of the Civil Rights Act of 1964 Are Entitled to Summary Judgment</u>

Plaintiff claims that his removal from the substitute list was the result of discrimination on the basis of his race, ethnicity, and ancestry. Claims of employment discrimination are governed by Title VII of the Civil Rights Act of 1964. Title VII provides that it shall be an unlawful employment practice for an employer

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a).

The Third Circuit has held that "Congress did not intend to hold individual employees liable under Title VII." <u>Sheridan v. E.I. DuPont de Nemours and Co.</u>, 100 F.3d 1061, 1078 (3d Cir. 1996). Therefore, claims of employment discrimination under Title VII cannot be brought against individual employees who are not themselves employers. Plaintiff has brought his claim of discrimination against Defendant Caputo, who is employed as the Assistant Superintendent of the Board of Education, and not against the Board itself. As an individual employee of the Board of Education, Defendant Caputo cannot be held liable for any claims arising under Title VII. Plaintiff has therefore failed to properly allege a claim of employment discrimination against Defendant.

Even if Plaintiff could sustain his Title VII claim against Defendant Caputo, Plaintiff has failed to properly allege a claim of discrimination. To satisfy his burden, Plaintiff must allege sufficient facts to demonstrate that (1) Plaintiff belongs to a protected category, (2) that Plaintiff applied and was qualified for a job the employer was trying to fill, (3) though qualified, he was rejected, and (4) thereafter the employer continued to seek applicants with complainant's qualifications. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 792-93 (1973); <u>see also</u> <u>Grassmyer v. Shred-It, USA, Inc.</u>, 392 Fed.Appx. 18, 22-23 (3d Cir. 2010)(applying <u>McDonnell Douglas</u> to

Title VII claim based on an employee's termination).

Plaintiff alleges that he was removed as the result of his Cuban ancestry.  Yet Plaintiff has not provided further allegations that other employees not of Cuban descent were treated more favorably, nor has Plaintiff put forth any facts suggesting any causal nexus between his ancestry and his removal.  Plaintiff can therefore not establish a claim of discrimination under Title VII.

Finally, Plaintiff has failed to overcome Defendant's articulated non-discriminatory reason for Plaintiff's removal.  Were Plaintiff able to establish a prima facie case of discrimination, the burden of production shifts to Defendant to articulate some legitimate non-discriminatory reason for the employee's rejection.  <u>Fuentes v. Perskie,</u> 32 F.3d 759, 763 (3d Cir. 1994), citing <u>McDonnell Douglas</u>, 411 U.S. at 802.  Defendant has explained that Plaintiff's removal was the result of two separate requests by a school administrator that Plaintiff not be assigned to their schools.  Plaintiff was an at-will employee who did not have an employment contract with the Board and was not guaranteed to any particular number of assignments.  Defendant was therefore justified in removing Plaintiff's name from the substitute list in response to reports that Plaintiff was not performing effectively as a substitute.  Plaintiff has failed to refute Defendant's assertion and a claim of discrimination can therefore not be maintained.

  b. <u>Plaintiff's Claim of Retaliation Must be Dismissed</u>

Plaintiff raises allegations that Defendant removed Plaintiff's name from the substitute list as the result of Plaintiff's filing with the EEOC.  However, Plaintiff fails to provide any facts to demonstrate that Defendant received notification of the EEOC filing prior Plaintiff's removal.  Moreover, Defendant denies having received notification of the EEOC filing prior to the institution of this action, and  Plaintiff has failed to provide any evidence to the contrary.  Plaintiff has therefore failed to support his claim of retaliation and summary judgment is appropriate.

6

      c.     <u>Plaintiffs Claims Regarding Plaintiff's Inability to Secure Employment in the Medical Field, Segregation of Students through Unequal Access to Educational or Remediation Tools, and Harm to European Patent Must be Dismissed</u>

Finally, Plaintiff includes allegations regarding his inability to secure employment in the medical field, the segregation of students through unequal access to educational or remediation tools, and his inability to pursue his European patent. Plaintiff's claims regarding the aforementioned subject matter must be rejected as Plaintiff has failed to allege any connection between the actions of Defendant and any of the alleged harm. Notably, Plaintiff has himself acknowledged his inability to establish a connection between the harm alleged and Defendant's conduct. Specifically, with regard to Plaintiff's claims regarding medical employment, Plaintiff has acknowledged the lack of a direct connection between such harm and Defendant Caputo. With regard to Plaintiff's claims regarding school segregation, Plaintiff fails to specifically tie Defendant to such segregation. Plaintiff rather vaguely alleges that Defendant is an administrator in the educational system, and that discrimination based on race and ethnicity can be associated with a tendency of public educational administrators to try to segregate students. Plaintiff fails to tie Defendant to any actual segregation, nor does he provide any viable explanation as to why such segregation is relevant to his claim. Finally, Plaintiff alleges no connection between Defendant's conduct and Plaintiff's patent, other than the fact that his lack of an income has prohibited him from paying expenses associated with pursuing the patent. Such an allegation is too attenuated to support any viable claim.

Plaintiff has therefore failed to allege any connection regarding the aforementioned harms to Defendant Caputo. Summary judgment is therefore appropriate.

### IV.   <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Defendant Caputo's motion for Summary Judgment is **granted**. An appropriate Order accompanies this Opinion.

                                                            S/ Dennis M. Cavanaugh
                                                            Dennis M. Cavanaugh, U.S.D.J.

Original:     Clerk's Office
cc:            Hon. Joseph A. Dickson, U.S.M.J.
                All Counsel of Record
                File